# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **JIM WALTER RESOURCES, INC.,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  7:06-CV-0589-RDP** |
| | } | |
| **KNOWLEDGEA-Z, INC., et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## <u>MEMORANDUM OPINION</u>

### I.    Introduction

This case arises out of a dispute over a source code provision to a System Sales Agreement (the "Agreement") for the installation of computer hardware and software, executed by the parties in January 2001.  The court has before it Defendants Nigam Arora and Knowledge A-Z, Inc.'s Motion to Dismiss/Transfer Venue (Doc. #3) filed on March 31, 2006, and Plaintiff Jim Walter Resource's ("JWR") Motion to Remand (Doc. #7) filed on April 7, 2006.  The court has carefully considered the parties' briefs and evidence relating to both motions.

As discussed more fully below, the court concludes that, because the amount in controversy requirement has not been satisfied to a legal certainty, it lacks subject matter jurisdiction based upon diversity.  Similarly, the court finds it lacks subject matter jurisdiction on the grounds of federal question.  Accordingly, Plaintiff's Motion to Remand is due to granted, the lawsuit is due to be remanded to the Circuit Court of Tuscaloosa County, and Defendants' Motion to Dismiss/Transfer Venue cannot be addressed by the court because it lacks jurisdiction over the case.

## II.   Procedural History

Plaintiff originated this litigation by filing a complaint in the Circuit Court of Tuscaloosa County on December 8, 2004.  (Doc. #1 at Compl.).  In its initial pleading, JWR sought $250,000.00 in direct and consequential damages as well as an unspecified amount of punitive damages from Defendants.  (Doc. #1 at Compl. at Count 2).  Defendants were served with JWR's complaint on February 24, 2006.  (Doc. #1 ¶ 2).

On March 15, 2006, <u>before</u> this case was removed, JWR filed a First Amendment to Complaint.  (Doc. #13 at Ex. B).  In this First Amendment to Complaint, JWR modified its damages count to state:  "Compensatory and punitive damages in a combined and/or total amount not to exceed $74,500.00, and court costs." (Doc. #13 at Ex. B at Count 2).  JWR states in the introductory language to this modification:  "The complaint is hereby amended with respect to all paragraphs and wording contained under the title 'Count 2 — Damages' so that the following language is substituted for the wording and paragraphs, as follows:" (Doc. #13 at Ex. B).

Defendants removed this lawsuit from the Circuit Court of Tuscaloosa County on March 24, 2006, on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  (Doc. #1).[1]  Subsequently,

---

[1]Although not a basis for its decision, the court notes that Defendants' removal papers appear to be procedurally deficient.  Title 28 U.S.C. §1446(a) requires a notice of removal to include a short and plain statement of the grounds for removal along with a copy of all process, pleadings and orders received by the removing defendant.  While Defendants' removal includes a civil summons for each defendant and JWR's original complaint, JWR's amended pleading was not attached.  Even a technical flaw to removal may, at times, be fatal to federal court jurisdiction.  In *Kisor v. Collins*, for example, Judge William M. Acker remanded a case to state court on the basis that a summons was missing from the removal papers.  338 F. Supp. 2d 1279 (N.D. Ala. 2004).  There is a split among the circuits as to whether §1447(c), allows a district court to *sua sponte* remand a case "on the basis of any defect other than lack of subject matter jurisdiction[.]"  *Compare, e.g., In re Allstate Ins. Co.*, 8 F.3d 219, 223-24 (5th Cir. 1993) (*sua sponte* remand due to procedural defect exceeds authority of district court and is subject to review) *with Maniar v. FDIC*, 979 F.2d 782, 785 (9th Cir. 1991) (*sua sponte* remand for procedural defects only permissible if occurring within 30-day time period).

Defendants added federal question jurisdiction under 28 U.S.C. § 1331 as a ground in support of their removal.  (Doc. #11 at 10-11).

## III.    ANALYSIS

The burden of establishing subject matter jurisdiction for the purposes of a valid removal to this court is on Defendants.  *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

### A.      Diversity Jurisdiction

As 28 U.S.C. § 1332 provides, in pertinent part, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332.  The parties in this case do not dispute that complete diversity exists.  Instead, their disagreement relates to whether the amount in controversy requirement of § 1332 is satisfied.  More specifically, the dispute arises over the difference in the relief sought by JWR in the original complaint, which exceeds the jurisdictional minimum as compared with the limits placed on damages in the amended pleading, which fall below the $75,000.00 amount.

For purposes of determining whether a removal was proper, the critical time frame is the date of removal, because "'if jurisdiction was proper at that date, subsequent events, even the loss of the required amount in controversy, will not operate to divest the court of jurisdiction.'" *Poore v. American-Amicable Life Ins. Co. of Tex.,* 218 F.3d 1287, 1289-90 (11th Cir. 2000) (quoting *Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991)).

––––––––––––––––––––

In light of the court's finding that it lacks jurisdiction, it need not weigh in on that question of law.

In *Poore*, the issue was whether a subsequent amendment after removal reducing the amount of damages sought by the plaintiffs divested the court of subject matter jurisdiction based upon § 1332.  In reversing the district court, the *Poore* court expressly held:

> We join our sister Circuits and conclude the amendments to § 1447(c) did not alter the fact that, in this case, the district court must determine whether it had subject matter jurisdiction at the time of removal. That is, events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction. In this case, Appellees amended their complaint after the case was removed to the district court. The district court thus erred in relying on the amended complaint to conclude the parties did not meet the amount in controversy requirement.

218 F.3d at 1290-91 (footnote omitted).  But this case involves a different issue:  What is the effect of a pre-removal amendment on the question of removal?  Neither the parties nor the court have been able to locate a case that addresses this situation, and in the absence of controlling authority to the contrary, the court is persuaded that the standard stated in *Poore* applies equally in this case. Therefore, the court must evaluate the status of JWR's complaint <u>at the time of removal</u>.

When a plaintiff specifically stipulates to accepting less than the jurisdictional amount in his complaint, such as in this case,[2] a removing defendant carries a "heavy burden" and must prove to a "legal certainty" that the plaintiff would exceed $75,000.00 if he prevailed.  *Burns*, 31 F.3d at 1095.[3]  In this lawsuit, Defendants rely upon JWR's original complaint to show that the amount in controversy is to a legal certainty in excess of the federal jurisdictional requirement.   Defendants

---

[2]The court is not persuaded by Defendants' position that JWR's amended complaint had the effect of adding to its damages demand. *Cf. Fitzgerald v. Besam Automated Entrance Sys.*, 282 F. Supp. 2d 1309 (S.D. Ala. 2003).  The express language of JWR's amendment indicates that the new language supplants the prior damages count rather than supplements it.

[3]If the damage request for a particular claim is not specified, the defendant must prove the same by the lower burden of "preponderance of the evidence." *Burns*, 31 F.3d at 1096 n.6.

4

also attempt to support their removal of this action with (i) an affidavit of Mr. Arora, who values the source code at issue in this lawsuit to be over $75,000.00, and (ii) the parties' Agreement itself, which sets the total price of the software less expenses at $35,040.00, and the estimated price for the hardware and related costs at $45,581.00.

For several reasons, the court determines Defendants are unable to meet their "heavy burden" of demonstrating to a legal certainty that the amount in controversy is met here.[4]  Although JWR's initial demand in the state court may very well offer a glimpse into how it initially placed a value on the amount at issue in this case, it alone does not show with legal certainty that JWR's recovery would exceed $75,000.00 if it prevails in the litigation.  Similarly, the affidavit of Mr. Arora is insufficient because he offers no rationale for the value that he places on the source code to be in excess of $75,000.00.  *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001) (noting that "[a] conclusory allegation in notice of removal that jurisdictional amount is satisfied, without setting forth supportive underlying facts, is insufficient to meet burden on removal").  Finally, the parties' Agreement does not place a specific value on the source code (Doc. #11 at Ex. B ¶ 4), and, in any event, limits the total price of the software (to which the source code relates) to $35,040.00.  (Doc. #11 at Ex. B ¶ 11).

Here, the amount in controversy is facially apparent from Plaintiff's amended complaint, which was the operative pleading at the time of removal.  Defendants have not shown to a "legal certainty" that  Plaintiff's claim will exceed the statutory limit; therefore, the court lacks diversity jurisdiction over Plaintiff's claims.  *See Burns*, 31 F.3d at 1095.

---

[4]Contrary to certain statements made in their brief, the burden is upon Defendants to establish the existence of federal jurisdiction, including the threshold amount in controversy.

B.      **Federal Question Jurisdiction**

Defendants also maintain that the court may exercise subject matter jurisdiction based upon federal question relating to issues of federal copyright law.  Generally, under the well-pleaded complaint rule, a plaintiff may avoid removal by pleading only state law claims as federal question jurisdiction is determined solely from the face of the complaint.[5]  Nowhere in either its initial complaint or in its amendment, does JWR refer to, much less state a claim under, federal copyright law.  While Defendants may have defenses and/or counterclaims relating to federal copyright law, such grounds are insufficient to bestow the court with federal question jurisdiction.  *See, e.g., Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (holding that "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction") (citations omitted).  Consequently, Defendants' efforts in the alternative to base their removal upon federal question jurisdiction also miss the mark.

IV.    **CONCLUSION**

As explained above, Plaintiff's Motion to Remand is due to be granted, and this case is due to be remanded to the Circuit Court of Tuscaloosa County.  Accordingly, the court will enter an order consistent with this Memorandum Opinion granting Plaintiff's Motion to Remand, remanding the

---

[5]An exception exists, for instance, under the so-called "super-preemption" doctrine of *Brown v. Connecticut Life Ins. Co.*, 934 F.2d 1193 (11th Cir. 1991).  Because of super preemption, the well-pleaded complaint rule does not apply in the area of the Employee Retirement Income Security Act of 1974, 29 U.S.C.A. § 1001, *et seq.*, as Congress has so completely preempted the field that no state remedies exist, and therefore all claims are necessarily federal in nature.  934 F.2d at 1196.  The super preemption doctrine does not apply in this case.

case to the Circuit Court of Tuscaloosa County, and mooting Defendants' Motion to Dismiss/ Transfer Venue.

      **DONE** and **ORDERED** this     12th     day of May, 2006.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE